JUSTICE TRIEWEILER
dissenting.
I dissent from the majority’s conclusion that an untimely complaint to the Human Rights Commission precludes a timely complaint in District Court.
U.S. West’s argument, with which the majority agrees, is that because Title 49, Chapter 2, of the Montana Code Annotated (the Act), is the exclusive remedy for victims of discrimination, a district court complaint cannot be filed unless there was a timely complaint filed before the Human Rights Commission.
I agree that pursuant to § 49-2-509(7), MCA, the provisions of the Act provide the exclusive remedy for victims of discrimination. However, I also conclude that the plain language of the Act permits the District Court complaint in this case, and that it is the majority who have avoided the Act by superimposing their own procedural requirements which are not otherwise provided.
The problem with the majority opinion is that its entire analysis focuses on whether Hash’s complaint before the Commission was timely. Having concluded that it was not, the majority then comes to the further conclusion, without any real analysis, that the District Court complaint must also have been untimely. However, based on the terms of the Act, the latter conclusion does not follow from the first.
Hash concedes that if U.S. West’s act of discrimination was notification that her position was being eliminated, then her complaint with the Commission was untimely. Therefore, the analysis should begin from that point.
Section 49-2-501(c), MCA, provides that “[a]ny complaint not filed within the time set forth herein may not be considered by the commission.” In other words, the Commission has no jurisdiction to consider an untimely complaint. However, § 49-2-509(3)(a), MCA, provides that:
*334 (3) The commission staff may dismiss a complaint filed under 49-2-501 and allow the complainant to file a discrimination action in district court if:
(a) the commission staff determines that the commission lacks jurisdiction over the complaint....
That is exactly what the Commission did in this case. The only remaining question then is whether, once the letter authorizing suit was issued, Hash filed a timely complaint in the District Court.
Section 49-2-509(5), MCA, provides in part that:
Within 90 days after receipt of a notice of dismissal under section (3)... the complainant may petition the district court in the district in which the alleged violation occurred for appropriate relief.
In this case, the Commission issued its letter to Hash authorizing her to file her claim in District Court on December 9, 1992. Her complaint was filed on March 3, 1993, within the 90 days authorized under the Act. It was, therefore, timely pursuant to the plain language of the Act.
The only way to avoid this conclusion is to ignore the plain language of the Act in favor of the majority’s own public policy considerations. To do so violates, rather than follows, the exclusive remedy provision found at § 49-2-509(7), MCA.
The majority concludes that:
To permit parties to delay filing with the HRC until the HRC filing time ran out and then file their claims directly in district court, would in a sense, gut the Act.
That conclusion is incorrect. The Commission is not required to issue a right-to-sue letter in all cases where the complaint to the Commission is untimely. Section 49-2-509(2)(b), MCA, provides that:
(2) The commission staff may refuse to permit removal of a case to district court if:
(b) the party requesting removal has waived the right to request removal to the district court....
It would not be an abuse of discretion for the Commission to conclude that a claimant had waived his or her right to request removal based on the length of time by which the Commission complaint was late. However, allowing the Commission to exercise discretion by choosing to issue a right-to-sue letter under subparagraph (3)(a), or declining to issue a right-to-sue letter pursuant to subparagraph (2)(b), strengthens the Act, rather than weakening it, *335 by providing the Commission with greater latitude to have claims decided on their merits, rather than based on procedural defects.
For these reasons, I dissent from the majority’s conclusion that Tina Hash’s complaint in the District Court was barred by her failure to file a timely complaint before the Human Rights Commission. I would reverse the judgment of the District Court.
Because of my conclusion that Tina Hash’s claim in the District Court was timely pursuant to the plain language of the Act, I do not find it necessary to discuss the other issues raised on appeal. However, I do not intend to imply by my failure to do so that I agree with the majority’s conclusions under either Issue I or Issue III.
JUSTICE HUNT joins in the foregoing dissenting opinion.